**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lockwood,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-00272-PHX-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Michael Lockwood's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, Pl. Br.), Defendant's Answering Brief (Doc. 17, Def. Br.), and Plaintiff's Reply Brief (Doc. 19, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 15, R.) and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Plaintiff applied for disability insurance benefits on October 19, 2016, for a period of disability beginning on May 10, 2014. (R. at 151.) The Commissioner denied Plaintiff's application. (R. at 65.) On November 21, 2018, Plaintiff and an impartial vocational expert testified at an administrative hearing before an ALJ. (R. at 27–51.) At that hearing, Plaintiff amended his alleged onset date of disability to October 14, 2016. (R. at 30.) In a decision dated December 7, 2018, the ALJ denied Plaintiff's application for benefits. (R. at 11–22.)

The Appeals Council subsequently denied review, making the ALJ's decision the final decision of the Commissioner. (R. at 1.) Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Pl. Br. at 10.)

The pertinent medical evidence will be discussed in addressing the issues raised by Plaintiff. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: a back impairment post surgery; a neck impairment post surgery; bilateral radiculopathy in the lower extremities; and bilateral radiculopathy in the upper extremities. (R. at 16.) The ALJ reviewed the entire record, including treatment records, medical opinions, and statements from Plaintiff and a vocational expert. (R. at 16–22.)

The ALJ found that Plaintiff had "mild" mental impairments in the four functional areas set out at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 17.) The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to lift or carry ten pounds, sit for approximately six hours in a workday, and stand or walk for approximately two hours in a workday. (R. at 18.) In addition to other limitations, the ALJ noted that Plaintiff "is limited to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements involving only simple, work-related decisions, with few, if any workplace changes." (*Id.*)

In making these findings, the ALJ acknowledged that there was objective evidence of medical impairments, but nevertheless found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record. (R. at 19.) Based on Plaintiff's RFC, the ALJ determined Plaintiff was unable to perform past relevant work but found there are jobs in the national economy that Plaintiff could perform, including a call out operator, addressor, or telephone quotation clerk. (R. at 21–22.) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (R. at 22.)

**II.    LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only

those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Finally, the Court may not reverse an ALJ's decision on account of an error that is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses

the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.   DISCUSSION

Plaintiff raises two arguments. First, he argues that the ALJ erred by improperly weighing Plaintiff's testimony. (Pl. Br. at 2.) Second, Plaintiff contends the ALJ's RFC finding is unsupported by substantial evidence. (*Id.*) The Court addresses each argument in turn.

#### A.   Plaintiff's Credibility

Plaintiff first moves to remand on grounds that the ALJ "fail[ed] to identify clear and convincing reasons for discounting Plaintiff's [testimony]." (Pl. Br. at 11.) Social Security regulations require ALJs to consider a claimant's statements about his symptoms when determining the claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a). Plaintiff contends the ALJ "failed to explain how the objective evidence undermines any specific symptom or limitation and . . . failed to evaluate virtually all of the clinical findings within the treatment notes." (Pl. Br. at 11.) Defendant argues "[t]he ALJ's conclusions were based on a reasonable interpretation of the record and should be upheld under the highly deferential 'substantial evidence' standard of judicial review." (Def. Br. at 8.) The Court agrees with Defendant.

When a claimant alleges subjective symptoms, the ALJ must engage in a two-step analysis to decide whether to credit the claimant's testimony. *Molina*, 674 F.3d at 1112. The ALJ first "determine[s] whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant satisfies step one, and there is no evidence of malingering, the ALJ may then

reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The "clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). That said, the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Rather, when weighing the claimant's credibility, the ALJ may consider "claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between [his] testimony and [his] conduct, claimant's daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas*, 278 F.3d at 958–59. If the ALJ's credibility finding is supported by substantial evidence, courts may not engage in second-guessing. *Id.* at 959.

Here, the ALJ considered Plaintiff's testimony that "he is in severe pain most of the day," "he uses a cane," "he has difficulty focusing due to pain," and "that he spends most of the day on the couch or in a recliner." (R. at 19.) The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. (*Id.*) Plaintiff, therefore, satisfied the first step of the analysis. At step two, however, the ALJ determined Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence in the record. (*Id.*) To support this finding, the ALJ listed six reasons: (1) "records describe full strength in the lower extremities, as well as no sensory deficits in the lower extremities;" (2) "records throughout the period in question describe [Plaintiff] as only being in mild distress;" (3) Plaintiff "reported good pain control with medication;" (4) when Plaintiff participated in physical therapy, "he reported a decrease in pain, an increase in range of motion and an increase in strength;" (5) Plaintiff has been able to "maintain his household, perform childcare, shop in stores, go out alone, drive and travel;" and (6) Plaintiff "was able to return to work post-surgery" but "did not provide any objective evidence of worsening to

explain why he stopped working." (R. at 20.) The Court addresses whether each reason is sufficiently specific, clear, and convincing.

First, to support the assertion that "records describe full strength [and] no sensory deficits in the lower extremities," the ALJ only cites to a treatment note by Andrew Cappuccino, M.D. (R. at 20.) This reliance is problematic. As Plaintiff points out, Dr. Cappuccino's note is dated June 19, 2014—more than two years before Plaintiff's amended onset date of disability. (R. at 722–23.) Evidence predating the onset date of disability is of limited relevance. *See Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Assuming that the note is relevant, the note does not indicate that Plaintiff had "full strength" in his legs as the ALJ suggests. Instead, the note provides that Plaintiff's "lower extremity strength is well maintained, however there is a 4+/5 weakness possibly secondary to pain inhibition with knee extension and hip flexion." (R. at 722.) ALJs must "rely on examples to show why they do not believe that a claimant is credible." *Garrison*, 759 F.3d at 1018. Dr. Cappuccino's note is of limited relevance and fails to support the ALJ's conclusion. Accordingly, the Court finds that the ALJ's first reason for discounting Plaintiff's testimony is not specific, clear, and convincing.

Second, the ALJ found that "records throughout the period in question describe the claimant as only being in mild distress." (R. at 20.) In making this finding, the ALJ relied on treatment records created by Ralph Ortiz, D.O., MPH. (R. at 20.) Plaintiff argues that Dr. Ortiz "actually noted mild-moderate distress and distress in movement." (Pl. Br. at 15.) After reviewing the treatment records, the Court confirms that Dr. Ortiz's treatment records indicate that Plaintiff appeared in "mild-moderate distress" from October 2016 to March 2017. (R. at 638–39, 643–44, 854–55, 860, 869.) But, as Defendant points out, Dr. Ortiz's treatment records clearly detailed that Plaintiff appeared to be in "mild distress" during examinations from April 2017 to May 2018. (R. at 874, 879, 885, 891, 896, 901, 907, 911, 915, 919, 925, 930, 934, 938.) Although Dr. Ortiz's treatment records may be susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion as to the credibility of Plaintiff's testimony because it is supported by substantial evidence in

the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. [Courts] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."); *see also Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ."). Accordingly, the ALJ's second reason is sufficiently specific, clear, and convincing to discredit Plaintiff's testimony.

Third, the ALJ found that Plaintiff "reported good pain control with medication." To support this finding, the ALJ cited to Dr. Ortiz's treatment record from August 14, 2017. (R. at 20.) Social Security regulations allow ALJs to consider the effectiveness of medications taken to alleviate pain when evaluating the intensity and persistence of a claimant's subjective symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(iv). The August 2017 record states that Plaintiff reported "ok pain control today." (R. at 895.) A more thorough review of the record reveals that, during the August 2017 treatment session, Plaintiff also reported a "drastic decrease in his pain" during a trip, a then-existing "7/10" pain level, and "stabbing and burning in his thoracic spine." (*Id.*) As noted, the Court cannot second-guess the ALJ's credibility finding if it is supported by substantial evidence in the record—this is true even when the evidence is subject to more than one rational interpretation. *See Thomas*, 278 F.3d at 959. After considering the August 2017 treatment record, the Court finds that the ALJ's third reason for discounting Plaintiff's testimony is supported by substantial evidence. Accordingly, the ALJ's third reason is adequately specific, clear, and convincing.

Fourth, the ALJ found that when Plaintiff participated in physical therapy, "he reported a decrease in pain, an increase in range of motion and an increase in strength." (R. at 20.) The ALJ cited a treatment record from June 2017 and physical therapy records to support this finding. (*Id.*) When evaluating the intensity and persistence of a claimant's subjective symptoms, the ALJ may consider the treatment the claimant receives for relief

of pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(v). The June 2017 treatment record supports the ALJ's conclusion that Plaintiff experienced decreased pain, increased range of motion, and increased strength due to physical therapy. (R. at 884.) In fact, during that treatment session, Plaintiff reported that "[d]oing physical therapy and taking his oral medication helped to improve his quality of life." (*Id.*) The Court, therefore, finds that there is substantial evidence in the record to support the ALJ's finding. Accordingly, the ALJ's fourth reason is sufficiently specific, clear, and convincing for the ALJ to have discounted Plaintiff's testimony.

Fifth, the ALJ found that Plaintiff "has been able to maintain his household, perform childcare, shop in stores, go out alone, drive and travel." (R. at 20.) Although Social Security regulations allow ALJs to consider claimants' daily activities when assessing the intensity and persistence of the claimants' subjective symptoms, *see* 20 C.F.R. § 404.1529(c)(3)(i), the Ninth Circuit has "warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain . . .." *Garrison*, 759 F.3d at 1016. When "a claimant is able to spend a *substantial part* of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain." *Fair*, 885 F.2d at 603 (emphasis added). But that is not the case, here. As Plaintiff points out, other portions of the record indicate that Plaintiff's days "consist of minimal amounts of activity," and that Plaintiff "generally rest[s] in [his] recliner or hospital bed." (R. at 237.) Moreover, home activities are not always transferable to the workplace, where it might be impossible to periodically rest or take medication. *See Fair*, 885 F.2d at 603. Accordingly, the alleged inconsistencies between Plaintiff's daily activities and his testimony do not satisfy the requirement of a specific, clear, and convincing reason to discount Plaintiff's testimony.

Last, the Court evaluates the ALJ's sixth reason for discrediting Plaintiff's testimony—that Plaintiff initially "return[ed] to work post-surgery" but "did not provide any objective evidence of worsening to explain why he stopped working." (R. at 20.) The

Ninth Circuit has repeatedly rejected this line of reasoning. *See e.g.*, *Lingenfelter*, 504 F.3d at 1038 ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, failed, that he did not then experience pain and limitations severe enough to preclude him from maintaining substantial gainful employment."). The Court, therefore, finds the ALJ's sixth reason is not sufficiently specific, clear, and convincing.

In sum, the ALJ's second, third, and fourth reasons for discounting Plaintiff's testimony about his subjective symptoms are sufficiently specific, clear, and convincing. Although the ALJ's first, fifth, and sixth reasons fail to satisfy that requirement, Plaintiff has not established reversible error. *See Molina*, 674 F.3d at 1115 ("[O]ur cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record."). Accordingly, the Court will not remand on this basis.

### B.     Plaintiff's RFC

Plaintiff also moves to remand on grounds that the ALJ's RFC finding is not supported by substantial evidence.[1] (Pl. Br. at 2.) The RFC, which is determined at step four of the disability determination, is an assessment of a claimant's ability to perform work-related physical and mental activities in a work setting on a sustained basis. 20 C.F.R. § 404.1545(a). As noted, the ALJ concluded that:

> [Plaintiff] has the residual functional capacity to occasionally lift/carry ten pounds; sit for approximately six hours in a workday; and stand or walk for approximately two hours in a workday. [Plaintiff] can never climb ladders/ropes/scaffolds, but he can occasionally perform all other postural activities. He would need to alternate from a seated to a standing position, or vice versa, two times each hour for no more than five minutes. He is able to remain on task during the position change. [Plaintiff] can rarely reach overhead . . . . [Plaintiff] is limited

---

[1] The Court notes that Plaintiff does *not* argue that the ALJ improperly weighed the medical opinion evidence. (*See* Reply at 10.) Because the Court only reviews issues raised by the party challenging the decision, the Court does not address that issue. *See Lewis*, 236 F.3d at 517 n.13.

- 9 -

>> to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements involving only simple, work-related decisions, with few, if any workplace changes.

(R. at 18.)

Plaintiff argues that because "the ALJ failed to explain how the treatment notes, clinical findings, and diagnostic testing support an ability to perform full-time work at the level indicated in the RFC finding," the ALJ's finding is unsupported by substantial evidence.[2] (Pl. Br. at 11.) Defendant argues the ALJ correctly assessed Plaintiff's RFC. (Def. Br. at 9.) The Court agrees with Defendant.

The Court is required to "affirm the ALJ's determination of [a claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). When determining the claimant's RFC, the ALJ must account for all relevant medical evidence and descriptions of the claimant's limitations. 20 C.F.R. § 404.1545(a)(3). Specifically, ALJs must "evaluate every medical opinion [they] receive." *Id.* § 404.1527(c).

Here, the ALJ based his RFC conclusion on the opinion of consultative examiner Gilbert Jenouri, M.D., and thereby gave Dr. Jenouri's opinion "great weight." (R. at 19.) The ALJ gave "partial weight" to the opinion of W. David Ferraraccio, M.D., "less weight" to Amy Aittama's, FNP, opinion, and "no weight" to the opinion of John Forrest, M.D. (R. at 20.) The ALJ also considered treatment records, diagnostic testing, and Plaintiff's testimony regarding his subjective symptoms. (R. at 19–20.) The ALJ assessed Plaintiff's RFC using the relevant medical and nonmedical evidence in the record, and thus the ALJ applied the proper legal standard. *See* 20 C.F.R. § 404.1545(a).

The Court finds the RFC determination is supported by substantial evidence. Plaintiff argues the ALJ failed to identify evidence to support the "very specific abilities

---

[2] Plaintiff also argues the "ALJ's RFC finding is unsupported by substantial evidence given that the ALJ did not provide clear and convincing reasons for excluding Plaintiff's [testimony]." (Pl. Br. at 23.) As explained in Section III.A., above, the ALJ provided specific, clear, and convincing reasons to discredit Plaintiff's testimony. Thus, the Court does not address this argument.

- 10 -

and limitations contained in the RFC finding." (Reply at 10.) The Court disagrees. Following a detailed summary of Plaintiff's orthopedic examination, Dr. Jenouri's opinion provides that Plaintiff experiences "moderate to severe restrictions walking and standing long periods, bending, stair climbing, lifting, and carrying." (R. at 706.) Dr. Ferraraccio's opinion notes that, with respect to work restrictions, Plaintiff "should have the ability to change positions as needed," that he "can perform occasional bending, stooping and twisting," and that Plaintiff "can intermittently lift up to 20 pounds." (R. at 1090.) Nurse Practitioner Aittama opined that Plaintiff can stand/walk for up to two hours in a workday, that Plaintiff has lifting limitations, that Plaintiff needs a job that permits shifting positions, and that Plaintiff can occasionally reach overhead. (R. at 1233–34.) Plaintiff seems to suggest that the ALJ declined to give weight to any medical opinion other than that of Dr. Jenouri. (*See* Pl. Br. at 23; Reply at 10.) But the Court notes that "partial weight" and "less weight" are not equivalent to "no weight." The ALJ's finding is supported by more than a scintilla of evidence. Thus, the Court affirms the ALJ's RFC determination.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED affirming** the December 7, 2018 decision of the Administrative Law Judge (R. at 11–22).

**IT IS FURTHER ORDERED** denying oral argument on the present motions.[3]

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 3rd day of September, 2020.

Michael T. Liburdi
United States District Judge

---

[3] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).